UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD C. WHITE, JR., PRO SE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUSTEES OF BOSTON UNIVERSITY ) <br> ET AL., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 04-10524 RWZ |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

### Background

On March 16, 2004, the plaintiff, Richard C. White, Jr., filed a six-page narrative Complaint suggestive of the following causes of action: Federal Civil Rights Act, 42 U.S.C. §1983; Federal Civil Rights Act, 42 U.S.C. § 1985; Massachusetts Civil Rights Act, M.G.L.c. 12 §11I; Denial of Equal Rights Under the Law, M.G.L.c. 93 §102(a); Malicious Prosecution; Criminal Negligence; and Defamation. The defendants moved to dismiss all causes of action by motion filed on May 6, 2004. Although the plaintiff was served with the motion, he filed no opposition, timely or otherwise. On June 15, 2004, the Court entered an Order allowing the defendant's motion, dismissing the Complaint in its entirety and entering judgment in favor of the defendants. The plaintiff subsequently filed a Motion for Reconsideration on June 21, 2003.

For the reasons which follow, the defendants maintain that the Court's Order is properly affirmed.

**Argument**

    1.    <u>The Plaintiff's Status as a Pro Se Litigant is an Insufficient Basis to Reverse the Court's Ruling</u>

"A pro se litigant is bound by the same rules of procedure as litigants with counsel." <u>Kellerman v. Kellerman</u>, 390 Mass. 1007, 1008 (1984) in part quoting <u>International Fidelity Insurance Co. v. Wilson</u>, 387 Mass. 841, 847 (1983). Indeed, the rules of procedure serve an important purpose and should not be lightly disregarded. "All litigants are better served if the times in which certain actions are required has some meaning." <u>Points East, Inc. v. City Council of Gloucester</u>, 15 Mass.App.Ct. 722 (1983). See also <u>Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.</u>, 528 U.S.152 (2000) (Trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal "chores" for the [pro se litigant] that counsel would normally carry out); <u>U.S. v. Heller</u>, 957 F.2d 26 (1st Cir. 1992) (Court ruled that pro se status does not absolve litigant from compliance with court rules); <u>Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce</u>, 20 F.3d 503 (1st Cir. 1999) (pro se litigant, like any litigant, is guaranteed meaningful opportunity to be heard, but the Constitution does not require judges to take up the slack when a party elects to represent himself); <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456 (1st Cir. 1996) (pro se status does not relieve employee bringing employment discrimination action of obligation to meet procedural requirements established by law).

    Here, the plaintiff has elected to appear in these proceedings without the benefit of counsel. The Courts have clearly ruled that pro se litigants undertake litigation at their own discretion, and it is neither the role of the Courts nor their adversaries to counsel, educate, or guide them through the process. The plaintiff's purported unfamiliarity with the Rules of Civil

Procedure does not justify reopening a matter which the Court has already determined is without legal merit. Accordingly, the Motion For Reconsideration should be denied.

2.   The Plaintiff Has Failed to Establish a Manifest Error of Law or to Present Newly Discovered Evidence

The Federal Courts treat a motion for reconsideration as either a motion to alter or amend pursuant to F.R.C.P. 59(e) or as a motion for relief from judgment or order pursuant to F.R.C.P. 60(b). See In re Wedgestone Financial, 152 B.R. 786 (Bankr. D. Mass. 1993). Specifically, motions for reconsideration under Rule 59(e) are entertained by Courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. See Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25 (1st Cir. 1994) (citing F.D.I. Corp. v. World University, Inc., 978 F.2d 10 (1st Cir. 1992). They may not be used to relitigate old matters, to raise a new legal theory, or to present evidence that could have been presented prior to the entry of judgment. Wright, Miller & Kane, Federal Practice and Procedure: Civil § 2810.1 (2d ed. 1995). Indeed, Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures" or to "advance arguments that could and should have been presented to the District Court prior to judgment." See DiMarco – Zappa v. Cabarillas, 238 F. 3d 25 (1st Cir. 2001).

Furthermore, it is well settled that when deciding a motion to dismiss for failure to state a claim, the mere fact that the motion is unopposed does not relieve the District Court of the obligation to examine the legal sufficiency of the complaint. See Pomerleau v. West Springfield Public Schools, 326 F. 3d. 143 (1st Cir. 2004). Neither, however, is the nonresponding plaintiff relieved of his or her duty "to incorporate all relevant arguments in the papers that directly address a pending motion." See Id. at n.2 quoting CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 97 F.3d 1504, 1526 (1st Cir. 1994). Thus, a plaintiff who fails to raise any substantive legal arguments prior to the dismissal of his or her complaint is appropriately limited under Rule 59(e) to challenging the Court's decision as a manifest error of law. See

FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) ("Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence").

In this matter, the Plaintiff's Motion For Reconsideration fails to articulate any specific errors of fact or law, fails to present any newly discovered evidence or to establish that there has been any applicable change in the law. In responding to the allegations set forth in the plaintiff's Complaint, the defendants construed the contents of the six-page narrative in the broadest sense and addressed all possible causes of action to be gleaned from the statements set forth in it. It is presumed that the Court examined the Complaint to determine whether it was formally sufficient to state a claim. The Court's ruling is consistent with the facts and the law and the plaintiff has failed to demonstrate otherwise. Accordingly, the Court's dismissal of the Complaint and entry of judgment for the defendants should not be disturbed.[1]

WHEREFORE, for the reasons stated herein, the defendants respectfully request that this Honorable Court deny the Plaintiff's Motion For Reconsideration and affirm the dismissal of the plaintiff's Complaint and its judgment in favor of the defendants.

Respectfully submitted,
DEFENDANTS,
By their attorneys,

_____
Gerald F. Lucey, BBO# 306860
Jeanne M. Harney, BBO# 557229
Nelson Kinder Mosseau & Saturley, PC
45 Milk Street, 5th Floor
Boston, MA 02109
(617) 778-7500
(617) 778-7501 (Fax)

---

[1] The plaintiff fares no better if we construe his motion as submitted pursuant to F.R.C.P. 60(b) as he has failed to make any showing of "excusable neglect" or other good cause demonstrating that he is entitled to relief. His pro se status alone does not satisfy his burden.

and

_Lawrence S. Elswit by G.F.L_
Lawrence S. Elswit, BBO# 153900
Office of General Counsel
Boston University
125 Bay State Road
Boston, MA  02215
(617) 353-2326

Dated: June __, 2004

## CERTIFICATE OF SERVICE

I, Gerald F. Lucey, hereby certify that I served a copy of the foregoing **"DEFENDANTS' MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION"** upon Richard C. White, Jr., 91 Maureen Way, Plymouth, MA  02360 via U.S. Mail, first class, postage prepaid this 30TH day of June, 2004.

_Gerald F. Lucey_
Gerald F. Lucey

5